### MARTIN *v*. STATE.

#### Opinion delivered November 26, 1923.

1. INDICTMENT AND INFORMATION.—Where accused was indicted under one name and was tried and convicted under another, and went to trial without objection, he waived the right to object that the correction of his name was not made during the trial or before conviction, as required by Crawford & Moses' Digest, § 3017.

2. WITNESSES—IMPEACHMENT ON CROSS-EXAMINATION.—It was not error to permit the State to ask a witness for the defense whether, on the night the crime was committed, she was riding with a man in a stolen car.

3. CRIMINAL LAW—INSTRUCTION AS TO ALIBI.—Defendant's requested instruction that "it was not necessary for defendant to prove an alibi to your satisfaction, beyond a reasonable doubt," was not substantially changed by substituting for the quoted words the following: "the burden is on the defendant to prove its defense by a preponderance of the testimony."

4. CRIMINAL LAW—VAGUE AND INDEFINITE INSTRUCTION.—Where an instruction offered by defendant relative to the possession of stolen property is vague and indefinite, he cannot complain of its refusal.

Appeal from Crawford Circuit Court, *James Cochran,* Judge; affirmed.

*Holland & Holland,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants, for appellee.

McCULLOCH, C. J. The indictment in this case mentioned the name of the accused as "Charlie Martin," but appellant, Brady Martin, was arrested, arraigned and put on trial as the person accused, without any order of the

court correcting the error. There was no objection made to the indictment by demurrer or other plea. The contention here is that the proof shows the correct name of appellant, and that he could not be convicted without an order of the court correcting the error in the name, under the statute which provides that error in the name of a defendant shall not vitiate an indictment, and that, "if his true name is discovered at any time before execution, an entry shall be made on the minutes of the court of his true name, referring to the fact of his being indicted by the name mentioned in the indictment." Crawford & Moses' Digest, § 3017. The correction may be made, as will be seen from the language of the statute, at any time before execution, and the fact that an order correcting the error was not made before or during the progress of the trial does not afford grounds for setting aside the judgment of conviction. The design of the statute is to permit the correction to be made at any time, but, as appellant did not ask for a correction, or in an appropriate manner raise the question that he is not the person who was indicted by the grand jury, and on arraignment pleaded not guilty and proceeded with the trial, he waived the right to have the correction made before conviction. Appellant demurred to the indictment on the ground that it failed to state facts sufficient to constitute a public offense, but this was not the proper manner to question the charge as being one against appellant.

The indictment was for burglary and grand larceny, and included other persons besides appellant. On the trial of the case appellant was acquitted of the crime of burglary, but convicted of grand larceny. He was charged with breaking into a store at Alma, in Crawford County, and stealing a lot of merchandise. Circumstantial evidence in the case, together with the fact that the property, after having been recently stolen, was found in appellant's possession, was sufficient to sustain the conviction.

Appellant attempted to prove an alibi, and when one of the witnesses was introduced to testify on that subject (a Mrs. Manus) the State undertook, on cross-examination, to discredit her by asking whether or not she had, late on the night that the alleged crime was committed, been out riding with a man in a stolen car. The witness admitted that she was out riding that night in the car at a very late hour, when there was a collision with another car, and that the man who was driving the car was arrested for speeding. We think that the testimony drawn out on cross-examination was competent for the purpose of throwing light on the credibility of the witness. It was a question for the jury to determine the extent which the incident should affect the credibility of the witness, and it was properly permitted to go to the jury for that purpose.

Error is assigned in amending one of appellant's instructions on the subject of proof as to alibi. The instruction as requested by appellant's counsel stated the law to be that it is not necessary for the accused to prove an alibi beyond a reasonable doubt, but if, after a full consideration of all the facts and circumstances in evidence, a reasonable doubt is entertained as to whether or not the accused was present at the time and place of the commission of the offense, it is the duty of the trial jury to give him the benefit of the doubt, and acquit him. The court struck out the words, "it is not necessary for defendant to prove an alibi to your satisfaction beyond a reasonable doubt," and substituted the words, "the burden is on the defendant to prove this defense by a preponderance of the testimony," leaving intact the remainder of the instruction as requested by appellant. It seems to us that there was no substantial change in the meaning of the instruction, and that there was no prejudice in the modification.

Error is assigned in the refusal of the court to give the following instruction requested by appellant:

"4. You are instructed that the possession of recently stolen property presents a question for your determination, and which you may take into consideration in arriving at your verdict. However, it is only where the possession of the stolen goods, if you find that the defendant had possession of the stolen property, is found to be unsatisfactory, that such possession may be found sufficient to warrant an inference of guilt."

The instruction, to say the least of it, was not couched in accurate language, and the court properly refused to give it. The meaning of the statement that "possession of the stolen property is found to be unsatisfactory" is not clear, and before the accused can complain of the refusal of the court to give an instruction he must offer one which is free from vagueness and ambiguities.

There are other assignments with respect to the court's charge, which are not of sufficient importance to discuss.

There is no error found in the record, and the judgment is affirmed.